MARX *v.* WAYNE CIRCUIT JUDGE.

1. GARNISHMENT—CLAIMANT OF FUND—INTERPLEADER—NOTICE.
    An order in garnishment proceedings interpleading a copartner of the principal defendant as claimant of funds in the hands of the garnishee is not void, if irregular, because made without notice to the defendant.

2. SAME—DISCLOSURE AND EXAMINATION.
    Under 2 How. Stat. § 8085, providing that, if any person shall claim property in a garnishee's hands, the court may permit or cause him to appear and maintain his right, plaintiff is entitled to have an issue framed with one whose claim appears for the first time upon examination of the garnishee subsequent to his disclosure.

3. SAME—PAYMENT INTO COURT.
    Payment into court by a garnishee of a fund claimed by a third person is not a prerequisite to plaintiff's right to have the 'claimant interpleaded and an issue framed under 2 How. Stat. § 8085.

*Mandamus* by Adolph Marx and Herman Marx to compel William E. Grove, acting circuit judge of Wayne county, to vacate an order framing an issue in garnishment proceedings.    Submitted November 29, 1898.    Writ denied December 13, 1898.

*Sloman & Groesbeck*, for relators.

*Brennan, Donnelly & Van De Mark* (*Selling & Hatch*, of counsel), for respondent.

HOOKER, J.    Relators ask a *mandamus* to compel the respondent, a circuit judge, to vacate an order denying a motion to set aside an order framing an issue in a garnishee proceeding.

Section 8085, 2 How. Stat., reads as follows:

" If any person shall claim any property, as aforesaid, in the hands of any garnishee, by assignment from the

principal defendant or otherwise, the court may permit or cause him to appear and maintain his right in such mode as the court shall direct. The testimony of the principal defendant, or of any competent witness, may be taken in such manner as the court shall direct, and attached to the disclosure, and the court may award such costs between such complainant, the plaintiff, and the garnishee as justice and equity may require."

The garnishee's disclosure denied that it had a fund belonging to Herman Marx, but its subsequent examination under the statute disclosed the fact that it had a fund deposited by him in the name of himself and brother as copartners. The court ordered them to be interpleaded on application of plaintiff's counsel. An answer was afterwards filed, and an issue was framed three days later. We do not discover that the defendant's counsel were present, or had notice of the application; but, on the other hand, if this was irregular, it was not void, and, in the absence of some meritorious reason, we think the court should not be compelled to vacate the order.

The other grounds of the motion involve a construction of the statute. The relators' contentions are:

*First.* That, inasmuch as the disclosure proper did not show that the bank had a fund belonging to the garnishee defendant, or that a third party claimed a fund in its possession, the plaintiff was not entitled to an issue.

*Second.* That payment of the fund into court was a requisite to the right to an issue.

We are of the opinion that it is more reasonable to hold that the right of the plaintiff to try the title to this fund under the method pointed out by the statute should extend to any case where the disclosure and examination show a disputed claim to a fund in the garnishee's possession, which the plaintiff claims to be the property of the principal defendant, or owing to him; and that there is no reason for limiting the application of the statute to cases where the fact appears in the disclosure, so called. The examination is in fact a part of the garnishee's disclosure.

And we think, also, that this right cannot be cut off by the failure of the garnishee to pay the money into court.

The writ is denied.

The other Justices concurred.